764 N.W.2d 415 (2009)
277 Neb. 707
STATE ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, Relator,
v.
David A. JOHNSON, Respondent.
No. S-09-296.
Supreme Court of Nebraska.
May 1, 2009.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
This case is before the court on the voluntary surrender of license filed by respondent, David A. Johnson. The court accepts respondent's surrender of his license and enters an order of disbarment.

STATEMENT OF FACTS
Respondent was admitted to the practice of law in the State of Nebraska on January 28, 1974.
Respondent is currently under investigation by the Counsel for Discipline of the Nebraska Supreme Court as a result of his conviction in the district court for Denver County, Colorado, in the case of "State of Colorado v. David A. Johnson, 08-CR-000894." On August 21, 2008, pursuant to a plea agreement with the State of Colorado, respondent was found guilty of violating Colo.Rev.Stat. Ann. § 18-4-401(1) and (2)(c) (West Cum.Supp.2008) (theft in excess of $1,000 but less than $20,000) and Colo.Rev.Stat. Ann. § 39-21-118(1) and (3) (West 2007) (tax evasion and failure to file tax report).
On March 19, 2009, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent does not challenge or contest the truth of the allegations made against him. In addition to surrendering his license, respondent consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

ANALYSIS
Neb. Ct. R. § 3-315 provides in pertinent part:
(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.
Pursuant to § 3-315, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

CONCLUSION
Upon due consideration of the court file in this matter, the court finds that respondent *416 has voluntarily stated he knowingly does not challenge or contest the truth of the allegations against him that he was found guilty of theft, tax evasion, and failure to file a tax report. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF DISBARMENT.